**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Talon Britton,<br><br>  Plaintiff,<br><br>v.<br><br>Arizona Department of Housing, *et al.*,<br><br>  Defendant. | No. CV-25-01150-PHX-SMB<br><br>**ORDER** |

At issue is *pro se* Plaintiff David Talon Britton's *Ex Parte* Application for Temporary Restraining Order ("TRO") and Order to Show Cause Why a Preliminary Injunction Should Not Issue (Doc. 5, TRO Applic.). In the portion of the Application requesting a TRO, Plaintiff asks the Court to enjoin a non-judicial foreclosure sale of his residence scheduled for tomorrow, May 8, 2025. (TRO Applic. at 4.) Plaintiff contends that he is entitled to a TRO without notice to Defendants under Federal Rule of Civil Procedure 65(b)(1)(B) because "[t]here is insufficient time to provide notice and obtain a hearing before the scheduled sale." (TRO Applic. at 8.)

As a threshold matter, the Court has not yet had the opportunity to resolve Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2, *in forma pauperis* Applic.) or conduct the associated screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2). But assuming for the sole purpose of resolving the present TRO Application that the Court had granted the *in forma pauperis* Application and found that Plaintiff's Complaint states a claim for relief, the Court will deny the TRO Application.

1    Plaintiff provides the Notice of Trustee Sale for the sale of his residence on May 8, 2025, as part of his TRO Application. (Doc. 5 at 16–18, Notice.) The Notice is dated January 29, 2025, and was recorded in Maricopa County on January 30, 2025. (Notice at 1–2.) Plaintiff provides no evidence that he did not receive notice of the trustee sale scheduled more than three months ago, and indeed, under Arizona law, the recording of the Notice of Trustee Sale provided constructive notice of the information and rights claimed in the Notice. *See In re Bisbee*, 754 P.2d 1135, 1139 (Ariz. 1988).

Rule 65(b)(1) provides that the Court may issue a TRO without written or oral notice to Defendants only if Plaintiff's facts "show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and Plaintiff's counsel "certifies in writing any efforts made to give notice and the reasons why it should not be required." In reviewing a TRO application, the United States Supreme Court has highlighted the importance of notice to the opposing party and the opportunity for that party to be heard. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974). Thus, same-day notice provided to the opposing party before a court issues a TRO ordinarily does not suffice. *Id.* at 428, 438–39; *see also Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1132 (9th Cir. 2006) (emphasizing *ex parte* TROs should not be the norm and Rule 65 must be strictly followed).

Here, although Plaintiff has known about the Trustee Sale of his residence for more than three months, he waited until the eve of the sale to file a TRO Application without notice to Defendants. But Plaintiff cannot wait to the last minute and then, on account of his own tardy conduct, claim there is "insufficient time to provide notice and obtain a hearing before the scheduled sale." (TRO Applic. at 8.) Such gamesmanship is an end-run around the notice requirement of Rule 65 and deprives Defendants of the opportunity to be heard before the Court enters a TRO. The Court must therefore conclude that Plaintiff has not met the Rule 65(b)(1) requirements for a TRO without notice to Defendants.

1. The Court will hold the balance of Plaintiff's present Application—which includes a request for a Preliminary Injunction—in abeyance. Once the Court reviews Plaintiff's *in forma pauperis* Application (Doc. 2) and screens the Complaint as necessary under 28 U.S.C. § 1915(e)(2), the Court will determine if Plaintiff may serve the Complaint and Application for Preliminary Injunction on Defendants, noting that a Trustee Sale on May 8, 2025, may render Plaintiff's present request for a Preliminary Injunction moot.

**IT IS THEREFORE ORDERED** denying the portion of Plaintiff's *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue (Doc. 5) seeking a Temporary Restraining Order.

Dated this 7th day of May 2025.

Honorable John J. Tuchi
United States District Judge